## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

CITGO PETROLEUM CORPORATION,
     Plaintiff,

v.                                Civil Action No: 4:21-cv-02086

TEKNIK TRADING, LLC,
     Defendant.

_____/

### TEKNIK TRADING, LLC'S OPPOSED MOTION TO STRIKE CITGO PETROLEUM CORPORATION'S AMENDED AFFIRMATIVE DEFENSES OF FRAUD AND FRAUDULENT INDUCEMENT TO COUNTERCLAIM

Defendant/Counter-Plaintiff Teknik Trading, LLC ("Teknik"), pursuant to Fed. R. Civ. P. 12(f), moves for entry of an order striking the fraud [Dkt. 69 ¶¶ 202-222] and fraudulent inducement defenses raised in Plaintiff/Counter-Defendant Citgo Petroleum Corporation's ("CITGO") Amended Affirmative Defenses [Dkt. 69].

### Preliminary Statement

As explained herein, the fraud-based defenses at issue fail to provide adequate notice as to the nature of each defense. The fraud defense alleges fraudulent bidding and procurement of jobs and payments. [Dkt. 69 ¶ 204]. In similar conclusory fashion, the fraudulent inducement defense alleges that Teknik used corrupt practices to fraudulently induced CITGO into their Agreement. [*Id.* ¶ 225]. Most significantly, ***CITGO does not even allege what specific misrepresentations or omissions were made by Teknik, let alone how they were fraudulent***. Citgo also fails to allege ***who*** specifically made any misrepresentations, ***when*** they specifically occurred, ***where*** the alleged representations

were made, or ***how*** the alleged representations were made. It is impossible for Teknik to even know how to respond to, or defend against, these two affirmative defenses when CITGO fails to specify a single specific misrepresentation or omission.

CITGO filed its first answer to Teknik's Counterclaims [Dkt. 64] on October 28, 2022. At that time, CITGO and Teknik met and conferred regarding certain of the affirmative defenses. Instead of submitting pre-motion conference letters to the Court regarding Teknik's intent to file a motion to strike, the parties stipulated that CITGO would amend certain of its affirmative defenses that Teknik found to be insufficient to meet the pleading standard. CITGO then moved unopposed to file its Amended Answer and Affirmative Defenses [Dkt. 69], which the Court granted [Dkt. 68], and the Amended Answer and Affirmative Defenses was deemed filed as of December 30, 2022 [Dkt. 69]. However, the amendments to CITGO's affirmative defenses do not cure the preexisting pleading deficiencies.

CITGO asserts more than nine amended affirmative defenses in response to Teknik's counterclaim. The affirmative defenses at issue here are for (1) fraud [Dkt. 69 ¶¶ 202-222] and (2) fraudulent inducement [*id.* ¶¶ 223-231]. Teknik moves to strike both of these affirmative defenses because they fail to meet the particularity requirement of Fed. R. Civ. P. 9(b), or even the standard Rule 8 pleading requirements of factual allegations showing plausibility, as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, these defenses are insufficient on their face.

*ACTIVE 685628457v1*

## Argument

### I.  Standards for Motion to Strike and Affirmative Defenses

"Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike an 'insufficient defense' from a pleading." *MetroPCS v. Fiesta Cell Phone & Dish Network, Inc.,* No. H-16-3573, 2017 U.S. Dist. LEXIS 71711, at *2 (S.D. Tex. 2017). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *Id.* (quoting *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013)). Moreover, "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "[A] defendant . . . must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.*

### II.  CITGO's Affirmative Defenses of Fraud and Fraud in the Inducement are Insufficient as a Matter of Law and Must Be Stricken

CITGO's Affirmative Defenses of fraud and fraud in the inducement cannot succeed as a matter of law because they fail to meet the particularity requirement of Fed. R. Civ. P. 9(b).

> Rule 9(b) states that 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.' Fed. R. Civ. P. 9(b). Rule 9(b) serves several purposes, including protecting a defendant's reputation from the harm that general, unsubstantiated fraud accusations will cause . . .  and preventing a claimant from searching for a valid claim after filing suit.

*Richardson v. Am. Home Shield of Tex., Inc.*, No. H-05-4029, 2006 U.S. Dist. LEXIS 31794, at *5 (S.D. Tex. 2006) (citations omitted). "At a *minimum* 'rule 9(b) requires the

plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby.'" *Id.* (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)) (emphasis supplied); *see also Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 820 (5th Cir. 2020) ("[p]leading fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"); *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 687 (5th Cir. 2020) ("At a minimum, this Rule requires [Plaintiffs] to plead the 'who, what, where, when, and how of the alleged fraud, and where allegations are based on information and belief, the complaint must set forth a factual basis for such belief") (internal citations and quotations omitted); *see also Array Holdings Inc. v. Safoco, Inc.*, No. H-12-366, 2013 U.S. Dist. LEXIS 122762, at *8 (S.D. Tex. 2013) (striking affirmative defenses of fraud and fraud in the inducement due to Plaintiff's failure to plead the requisite factual allegations); *Siemens Med. Sols. USA Inc. v. Sunrise Med. Tech. Inc.*, No. 3:04-CV-2711-H, 2005 U.S. Dist. LEXIS 43560, at *13 (N.D. Tex. March 16, 2005) ("[A]ffirmative defense of fraud is analyzed under the particularity requirement of Rule 9(b) . . . Defendant's affirmative defenses of fraud are **STRICKEN** . . . under Federal Rule of Civil Procedure 12(f)") (emphasis in original). Fifth Circuit law is clear "that an affirmative defense must, at minimum, provide enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Jimenez v. Garcia*, No. 7:20-

CV-201, 2021 U.S. Dist. LEXIS 163915, at *3 n.1 (S.D. Tex. Apr. 1, 2021) (internal quotations omitted).

This is Teknik's second attempt to bring this issue to the Court's attention. The first time was after October 28, 2022, when CITGO filed its original Answer to Teknik's Counterclaims. [Dkt. 64]. In that Answer, CITGO failed to plead fraud and fraud in the inducement with sufficient particularity. CITGO and Teknik met and conferred regarding the issue and CITGO agreed to file its Amended Answer [Dkt. 69] to address its fraud and fraud in the inducement affirmative defenses. Now, CITGO's amended affirmative defenses still fail to set forth any facts that could give rise to an inference of fraud or fraudulent inducement. In fact, none of the allegations pled in support of these elements contain sufficient particularity. CITGO's past pleadings also fail to allege sufficient facts that could apply to the defenses.

*A. Affirmative Defense of Fraud*

CITGO's affirmative defense of fraud contains three principal "schemes" in which CITGO alleges Teknik committed fraud: "(i) Teknik engaged in a fraudulent bidding and award process in 2010 that has resulted in fraudulent payments to Teknik over a ten-year period; (ii) Teknik engaged in fraud in procuring individual procurement jobs since 2010; and (iii) Teknik seeks payments from CITGO that Teknik knows are not owed." [*Id.* ¶ 204]. However, the paragraphs that follow these three categories of alleged fraud fail to allege any specific misrepresentations or omissions by Teknik, let alone the required "who, what, when, where, and how" necessary for Teknik to actually defend itself. *See Colonial Oaks Assisted Living*, 972 F.3d at 687.

5

The first alleged scheme relates to the 2010 bidding process that Teknik engaged in a fraudulent bidding process to secure CITGO's work. "In particular, Teknik's alter ego Clover engaged in corruption and bribery activities when Clover referred Teknik to CITGO during a meeting in 2010." [*Id*. ¶ 205]. Then, CITGO claims that Teknik made material misrepresentations to CITGO to get them to work together, resulting in improper payments of tens of millions of dollars over a decade for corrupt services not in compliance with standard procedures and laws. [*See id*. ¶¶ 207-212]. Finally, CITGO attempts to imply that Juan Carlos Castillo—someone who has never worked for Teknik—and "others" use of "WhatsApp and related platforms" allowed them to hide, encrypt, and ultimately destroy these corrupt activities. *Id*.

Throughout this argument, CITGO alleges that Teknik and others committed fraud, but it fails to mention (i) what statements were fraudulent, (ii) who specifically committed the fraud, (iii) how the fraud was perpetrated, (iv) the month and day the fraud occurred, (v) where the parties were when the fraud occurred, or (vi) whether the fraud was made orally, in writing, in e-mail, or through other means. CITGO also makes no assertions as to how Teknik procured CITGO's services through corruption and not in compliance with CITGO's standard bidding process and applicable laws. These are the type of unsubstantiated allegations that Rule 9(b) mandates be pled with particularity. As written, it impossible for Teknik to even know how to respond to, or defend against, these allegations.

The second scheme alleged by CITGO is that Teknik has knowingly provided falsely inflated prices to CITGO for individual procurement jobs. [*See id*. ¶ 213]. CITGO

6

also alleges that when CITGO employees sought to establish a competitive bidding process, their lives were threatened, and that Teknik's artificially inflated commission rate would not have survived a competitive bidding process. [*See id.* ¶¶ 214-216].

Once again, while CITGO makes these scandalous allegations, it fails to allege what material representations Teknik made related to its pricing, who made said material representations, when said representations were made, and how made. CITGO likewise has failed to name a single CITGO employee whom an employee or agent of Teknik allegedly threatened when seeking to establish a competitive bidding process. CITGO cannot specifically name anyone because what CITGO alleges occurred did not happen. The only threat known threat came from a former CITGO employee who had no prior relationship with Teknik or its affiliates. [Dkt. 69 ¶ 206]. CITGO's own employee verified this in his deposition taken in November 2022.

The third and final purported scheme alleged by CITGO is that Teknik knowingly overcharged CITGO for its services. In support of this allegation, CITGO sets as an example that Teknik sought over $3 million in demurrage charges and over $500,000 in late fees without any support or justification for the charges. [*See id.* ¶ 217]. CITGO argues that Teknik intended for CITGO to rely on inflated and improper claims for payment knowingly or with reckless disregard for their falsity and that Teknik seeks reimbursement for funds that it knows it did not expend. [*Id.* ¶ 218]. Once again, however, CITGO fails to allege the who, what, when, where, and how needed to meet Rule 9(b)'s particularity requirement.

In light of CITGO's failure to provide any specific facts in support its affirmative defense, CITGO's defense of fraud is insufficient on its face must be stricken in its entirety.

*B. Affirmative Defense of Fraud in the Inducement*

CITGO's fraud in the inducement defense also fails as a matter of law. CITGO argues that "Teknik fraudulently induced CITGO into executing the Agreement by engaging in corrupt practices in violation of applicable law in order to be awarded the contract." [*Id.* ¶ 225]. CITGO maintains that Teknik made material representations to CITGO during the engagement process knowing or in reckless disregard that they were false to induce CITGO to work with Teknik. CITGO further alleges that Teknik engaged in a fraudulent bidding process to secure CITGO's work, and that "Teknik's alter ego Clover" engaged in corruption and bribery activities when Clover referred Teknik to CITGO during a meeting in 2010. [*See id.* ¶ 226-228]. Nonetheless, CITGO fails to allege (i) what corrupt practices Teknik engaged in, (ii) who specifically engaged in said practices, (iii) when this took place, or (iv) how this took place. Similarly, while CITGO alleges that Teknik made material representations to CITGO during the engagement process to fraudulently induce CITGO to work with Teknik, it does not and cannot allege what those material representations were, who made them, when they were made, and how they were made. Likewise, CITGO fails to allege how Teknik engaged in a fraudulent bidding process or how Clover engaged in corrupt activities when it referred Teknik to CITGO during a meeting in 2010. CITGO does not even allege who was in attendance at said meeting or when it took place. CITGO's fraud in the inducement defense fails to allege

8

a single representation and makes it impossible for Teknik to defend against it. As such, this defense must be stricken in its entirety.

Notably, almost every case cited in CITGO's Response to Teknik's Letter Requesting a Pre-Motion Conference [Dkt. 71] supports Teknik's basis for striking both affirmative defenses. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982) (holding defendant's defense to be insufficient as a matter of law, and accordingly affirming the striking of the defense by the district court); *Atl. Cas. Ins. Co. v. PrimeLending*, No. 3:15-CV-1475-D, 2016 U.S. Dist. LEXIS 45780, at *9 (N.D. Tex. Apr. 5, 2016) (dismissing counter-plaintiff's counterclaims and finding its allegations "insufficient of themselves to meet the specificity requirements of Rule 9(b)"); *United States ex rel. Willard v. Humana Health Plan of Tex. Inc*., 336 F.3d 375, 386 (5th Cir. 2003) (affirming district court's judgment dismissing the action and finding that appellant's fraud in the inducement claim did not pass the specificity requirement of Rule 9(b)); *United States ex rel. King v. Alcon Labs*., 232 F.R.D. 568, 572 (N.D. Tex. 2005) (granting dismissal and finding that the plaintiff did not comply with Rule 9(b) and did not provide sufficient details of the alleged fraud, such as the individuals involved, specific dates of false claims, and how the fraud was executed.); *Jimenez v. Garcia*, No. 7:20-CV-201, 2021 U.S. Dist. LEXIS 163915, at *7 (S.D. Tex. Apr. 1, 2021) (stating "the Court hereby ORDERS that Plaintiff's Motion to Strike . . . is GRANTED") (internal quotations omitted); *MetroPCS v. Fiesta Cell Phone & Dish Network, Inc.*, No. H-16-3573, 2017 U.S. Dist. LEXIS 71711, at *4 (S.D. Tex. May 11, 2017) ("ORDERED that the Motion to Strike is GRANTED as to the fraud affirmative defense"). Further, the only case CITGO cites in

9

which a motion to strike was actually denied is factually inapposite from the present case because the defendant in that case sought to strike the entire complaint, and the complaint did not include any fraud-based claims subject to Rule 9(b)'s heightened pleading standard. *See Idar v. Cooper Tire & Rubber Co.*, No. C-10-217, 2010 U.S. Dist. LEXIS 96424 (S.D. Tex. Sep. 15, 2010).

## Conclusion

Having pled these defenses twice and having failed to meet the heightened standard of particularity each time, CITGO should not be permitted to amend its fraud and fraudulent inducement affirmative defenses again. The fact that CITGO could not overcome its deficiencies upon amendment simply demonstrates that allowing another opportunity to amend would prove futile. As such, Teknik respectfully requests that the Court strike CITGO's affirmative defenses of fraud and fraudulent inducement with prejudice and grant all other and further relief that the Court deems proper.

Dated: February 24, 2023          Respectfully submitted,

GREENBERG TRAURIG, LLP
*/s/ C. Mark Stratton*
C. Mark Stratton, Attorney-in-Charge
Southern District Bar No. 12144
Texas Bar No. 19359200
strattonm@gtlaw.com
Gregory J. Casas
Southern District Bar No. 16836
Texas Bar No. 00787213
casasg@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

*ACTIVE 685628457v1*

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
Benjamin L. Reiss (*Pro Hac Vice Approved*)
breiss@pbyalaw.com
Nima Tahmassebi (*Pro Hac Vice Approved*)
ntahmassebi@pbyalaw.com
Kristin Drecktrah Paz (*Pro Hac Vice Approved*)
kpaz@pbyalaw.com
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
T: (305) 377-0086 / F: (305) 377-0781

*Attorneys for Defendant Teknik Trading, LLC*

### CERTIFICATE OF CONFERENCE

I hereby certify that on more than two occasions, pursuant to Local Rule 7.1(D), I communicated and emailed with counsel for Plaintiff, Todd Wells and Nicole Perry, who indicated Plaintiff is opposed to this Motion. This is in addition to the parties providing their respective positions pursuant to the court's local rules.

*/s/ Nima Tahmassebi*
Nima Tahmassebi

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

/s/ *C. Mark Stratton*
C. Mark Stratton

12