IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CITGO PETROLEUM CORPORATION, § § §<br>Plaintiff, § §<br>v. § §<br>TEKNIK TRADING, LLC, § § §<br>Defendant. § | Case No. 4:21-cv-02086 |

**CITGO'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHANIE RICE**

Teknik Trading, LLC's ("Teknik's") expert Stephanie Rice offers bare legal conclusions on the meaning and application of federal law. Namely, Ms. Rice opines on whether Teknik acted consistent with executive orders and federal regulations governing sanctioned entities. The Federal Rules of Evidence preclude an expert from rendering conclusions of law. Good reason exists for this preclusion: such opinions invade the court's provinces and are irrelevant. When Ms. Rice's impermissible legal conclusions are swept away, nothing remains. Accordingly, the opinions of Ms. Rice should be excluded in their entirety.

**SUMMARY OF PROPOSED EXPERT TESTIMONY**

Stephanie Rice is neither a lawyer nor *juris doctor*. She is a former Sanctions Enforcement Investigator for the Office of Foreign Assets Control ("OFAC"), an agency

housed within the United States Department of the Treasury.[1] Ms. Rice's time at OFAC was less than five years, and her cumulative industry experience spans just over a decade.[2] The scope of her assignment from Teknik is to "review and provide [her] opinion on the implications of certain sanctions targeting [PDVSA, CITGO's parent company] on goods procured by Teknik" ("the Goods") pursuant to its May 5, 2010 agreement ("Agreement") with CITGO Petroleum Corporation ("CITGO").[3]

Ms. Rice offers three opinions in this matter:

1. "[T]he PDVSA designation and subsequent designations of the Government of Venezuela [as sanctioned entities] blocked the goods pursuant to executive orders 13850 and 13884."[4]

2. "Teknik properly complied with its obligations under those executive orders with respect to the goods."[5]

3. "OFAC General License 12 provided a limited authorization with respect to the goods which expired February 27, 2019."[6]

In reaching her conclusions, Ms. Rice reviewed and relied on only the following categories of documents: (1) CITGO's Complaint and Request for Injunctive Relief (Dkt. 1); (2) Teknik's Amended Answer, Affirmative Defenses, and Amended Counterclaims (Dkt. 26); and (3) executive orders, federal regulations, general licenses issued by the Treasury Department, and OFAC guidance.[7] Ms. Rice did not review any other documents or materials.[8]

---

[1] *See* Ex. 1, Expert Report of Stephanie Rice, at p. 1.
[2] *Id.*; *see also id.* at p. 16–17 ("Appendix A – Qualifications").
[3] *Id.* at p. 2.
[4] Ex. 2, Stephanie Rice Dep., at 24:9–12; s*ee also* Ex. 1, Expert Report of Stephanie Rice, at p. 7.
[5] Ex. 2, Stephanie Rice Dep., at 24:13–15; s*ee also* Ex. 1, Expert Report of Stephanie Rice, at p. 7.
[6] Ex. 2, Stephanie Rice Dep., at 24:16–19; s*ee also* Ex. 1, Expert Report of Stephanie Rice, at p. 8.
[7] *See id.* at p. 19 ("Appendix B – Materials Review").
[8] *See* Ex. 2, Stephanie Rice Dep., at 39:12–40:22.

## LEGAL STANDARD

"[A]n expert may never render conclusions of law."[9] Such conclusions fall outside an expert's scope, are not helpful to the Court, and unnecessarily waste judicial resources.[10] Rule 704—even though allowing an expert to opine on "an ultimate issue"—does not permit experts to embrace legal conclusions.[11] Where improper conclusions permeate an expert's testimony, such testimony may be excluded in its entirety.[12]

## ARGUMENT

I. **MS. RICE'S EXPERT TESTIMONY, INCLUDING HER EXPERT REPORT, SHOULD BE EXCLUDED IN ITS ENTIRETY**

Ms. Rice's expert testimony should be excluded in its entirety because Ms. Rice's opinions are bare legal conclusions, and she offers no other opinions that would be helpful to the Court.

### A. All of Ms. Rice's Opinions Are Impermissible Legal Conclusions.

Each of Ms. Rice's three opinions—the only opinions she offers—suffer the same fatal defect: Each is a conclusion regarding the application of federal law to Ms. Rice's understanding of the facts.[13] Legal interpretations and conclusions are the province of the

---

[9] *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).
[10] *See id.*; *Technip Offshore Contractors v. Williams Field Servs.*, No. Civ.A.H. 04 0096, 2006 WL 581273, at *6 (S.D. Tex. Mar. 7, 2006) (Rosenthal, C.J.) ("[E]xpert opinions on legal questions are unnecessary and inappropriate"); *Carpenter v. Quarterman*, No. 3:02-cv-1145, 2008 WL 4414540, at *4 (N.D. Tex. Sept. 30, 2008) ("[E]xpert testimony on legal issues or on how the law should be applied to the facts is not helpful to the Court and would be an unnecessary waste of the parties' time and judicial resources.").
[11] *See Goodman*, 571 F.3d at 399.
[12] *See, e.g.*, *Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460, 468 (E.D. Tex. 2013) (striking expert report "in its entirety" after finding that "it consists almost entirely of legal analysis and conclusions"); *Fisher v. Halliburton*, Nos. H-05-1731, H-06-1971, H-06-1168, 2009 WL 5216949, at *5 (S.D. Tex. Dec. 21, 2009) (Miller, J.) (excluding an expert affidavit in its entirety for improperly "attempt[ing] to instruct the court on how to interpret the contract").
[13] No amount or type of training could qualify Ms. Rice to proffer opinions in the form of legal conclusions. Nonetheless, another reason exists for excluding her opinions: Ms. Rice purports to base her opinions on her training and experience as an OFAC sanctions enforcement officer, yet she failed to disclose the details of that training in her deposition. *See* Ex. 2, Stephanie Rice Dep., at 32:16–22 (claiming OFAC training as basis for opinions); *id.* at 33:4–

court and must be excluded.[14] Ms. Rice's opinions usurp this function. It makes no difference that Ms. Rice opines on the application of federal regulations and standards rather than statutes. Just as with statutes and case law, the meanings of federal regulations and standards are *not* "issue[s] of fact," but determinations to be made by the court.[15] Accordingly, each of Ms. Rice's opinions must be excluded, as individually addressed below.

**Ms. Rice's First Opinion.** Ms. Rice opines that: "[T]he PDVSA designation and subsequent designations of the Government of Venezuela [as sanctioned entities] blocked the goods pursuant to executive orders 13850 and 13884."[16] To reach this opinion, Ms. Rice first had to determine that "PDVSA . . . had a property interest in the Goods,"[17] a conclusion that was reached by "review[ing] the *relevant OFAC sanctions laws* and also the facts in this case."[18] Ms. Rice's ultimate conclusion—the Goods were blocked—can only be reached by reviewing and interpreting Executive Orders 13850 and 13884. Because the opinion instructs on the proper meaning and application of executive orders, it merely "reiterate[s] what the lawyers offer in argument."[19] Accordingly, Ms. Rice's first opinion must be excluded.

---

[7] ("I don't know that [I] . . . have the appropriate authorization from the Agency to discuss the details of how enforcement officers are trained."). Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert to disclose the bases of her opinions in a report that must be "detailed and complete, not sketchy and vague." *Harmon v. Ga. Gulf Lake Charles LLC*, 476 F. App'x 31, 36 (5th Cir. 2012) (quoting Fed. R. Civ. P. 26(a)(2)(B)).
[14] *See Goodman*, 571 F.3d at 399.
[15] *Bammerlin v. Navistar Int'l Trans. Corp.*, 30 F.3d 898, 901 (7th Cir. 1994) (finding reversable error where the court allowed experts to opine on the meaning of federal safety standards).
[16] Ex. 2, Stephanie Rice Dep., at 24:9–12.
[17] Ex. 1, Expert Report of Stephanie Rice, at p. 7.
[18] Ex. 2, Stephanie Rice Dep., at 29:21–25 (emphasis added).
[19] *Little*, 940 F. Supp. 2d at 468 (citing *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992)).

**Ms. Rice's Second Opinion.** Next, Ms. Rice opines that: "Teknik properly complied with its obligations under those executive orders with respect to the goods."[20] Specifically, due to Executive Order 13850, "Teknik generally could not engage in any transactions or dealings of any kind with regard to the Goods unless authorized by OFAC."[21] Again, to reach this conclusion, Ms. Rice did nothing more than apply her understanding of the facts—which are solely based on pleadings in this matter and not independently verified by Ms. Rice[22]—to her interpretation of Executive Order 13850.[23] This is a bare legal conclusion that a lawyer can argue and the court can find.[24] Such conclusions are improper for an expert opinion and must be excluded.

Besides being an impermissible legal opinion, Ms. Rice's second conclusion is also wrong. She claims that, "[u]nless authorized to do so by license, [the holder of blocked goods] may not be authorized to engage in activities to uphold the quality or the state of the goods."[25] However, OFAC regulations provide that, "Except as otherwise authorized, and notwithstanding the existence of any [contractual] rights or obligations . . . all expenses incident to the *maintenance of physical property* blocked pursuant to § 591.201 [regarding blocking property and transactions related to Venezuela] shall be the responsibility of the owners or operators of such property."[26] If the holder of blocked goods is responsible for

---

[20] Ex. 2, Stephanie Rice Dep., at 24:13–15.
[21] Ex. 1, Expert Report of Stephanie Rice, at p. 7.
[22] *See Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) ("[A]n expert cannot forgo his own independent analysis and rely exclusively on what an interested party tells him.").
[23] *See* Ex. 1, Expert Report of Stephanie Rice, at p. 7.
[24] *See Little*, 940 F. Supp. 2d 460, 468 (excluding expert report in its entirety where expert "review[ed] in detail statutes, case law, and facts relevant to his analysis to reach his conclusions as to whether Defendants' policies violate the [Fair Labor Standards Act] or not").
[25] Ex. 2, Stephanie Rice Dep., at 52:22–24.
[26] 31 C.F.R. § 591.204(a) (emphasis added).

"all expenses incident to [their] maintenance,"[27] that necessarily means that the holder can "engage in activities to uphold the quality or the state of the goods,"[28] contrary to Ms. Rice's testimony. This further demonstrates that Ms. Rice is not expressing an opinion based upon "scientific, technical, or other specialized knowledge," but that she is an expressing an improper conclusion of law.[29]

**Ms. Rice's Third Opinion.** Finally, Ms. Rice opines that: "OFAC General License 12 provided a limited authorization with respect to the goods which expired February 27, 2019."[30] This opinion fares no better than her first two. Ms. Rice's third opinion explicitly interprets OFAC General License No. 12[31] and the Agreement between Teknik and CITGO at issue in this matter. Again, these are mere legal conclusions regarding "what the applicable law means."[32] Interpretation of the Agreement is likewise an impermissible legal conclusion.[33] Accordingly, as with the prior two, this opinion must be excluded.

### B. Ms. Rice Has No Other Opinions in This Matter That Would Be Helpful to the Court.

Ms. Rice confirmed in her deposition that, "[o]ther than those three opinions," she has not "developed any other opinions as part of [her] retention for this case."[34] Additionally, with the close of fact and expert discovery, Ms. Rice has no reason to come

---

[27] *Id.*
[28] Ex. 2, Stephanie Rice Dep., at 52:23–24.
[29] *See* Fed. R. Evid. 702(a).
[30] Ex. 2, Stephanie Rice Dep., at 24:16–19.
[31] Publication of Venezuela Sanctions Regulations Web General Licenses 12, 13, and Subsequent Iterations, 88 Fed. Reg. 2234 (Jan. 13, 2023) (to be codified at 31 C.F.R. pt. 591).
[32] *Fidelity Nat'l Title Ins. Co. v. Doubletree Partners, L.P.*, 866 F. Supp. 2d 604, 615 (E.D. Tex. 2011) (excluding expert testimony on the meaning of a title policy and interpretation of state contract law).
[33] *Id.* (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000)).
[34] Ex. 2, Stephanie Rice Dep., at 24:21–24.

forward with new opinions. With no other opinions to offer, Ms. Rice's expert testimony should be excluded in its entirety, including any future trial testimony.[35]

## CONCLUSION

Experts cannot render conclusions of law. Ms. Rice's three opinions in this matter do just that. She opines on Teknik's compliance with sanctions on Venezuela—repeatedly interpreting and relying on federal rules and regulations. Should the Court exclude those opinions, Ms. Rice would have no others to offer. The opportunity for Ms. Rice to offer testimony has passed, and her opinions should be excluded in their entirety.

Dated: June 9, 2023

Respectfully submitted,

/s/ Nicole M. Perry
Nicole M. Perry
Attorney-In-Charge
S.D. Texas No. 725420
Texas Bar No. 24056367
J. Laurens Wilkes
S.D. Texas No. 737955
Texas Bar No. 24053548
Piper Sierra Replogle
S.D. Texas No. 3831644
Texas Bar No. 24131609
JONES DAY
717 Texas Avenue, Suite 3300
Houston, TX 77002.2712
nmperry@jonesday.com
jlwilkes@jonesday.com
preplogle@jonesday.com
Telephone: +1.832.239.3939
Facsimile: +1.832.239.3600

---

[35] *See, e.g.*, *Little*, 940 F. Supp. 2d at 468 (striking expert report "in its entirety" after finding that "it consists almost entirely of legal analysis and conclusions"); *Fisher v. Halliburton*, Nos. H-05-1731, H-06-1971, H-06-1168, 2009 WL 5216949, at *5 (S.D. Tex. Dec. 21, 2009) (Miller, J.) (excluding an expert affidavit in its entirety for improperly "attempt[ing] to instruct the court on how to interpret the contract").

Allison L. McQueen, *Pro Hac Vice*
Illinois Bar No. 6330120
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL  60606
amcqueen@jonesday.com
Telephone:  +1.312.782.3939
Facsimile:  +1.312.782.8585

COUNSEL FOR CITGO PETROLEUM CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and was thereby served upon all counsel of record.

                                               */s/ Nicole M. Perry*
                                               Nicole M. Perry