IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITGO PETROLEUM CORPORATION, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 4:21-cv-02086 |
| TEKNIK TRADING, LLC, | | |
| Defendant. | | |

**MOTION FOR LEAVE TO FILE UNOPPOSED EMERGENCY MOTION TO STAY PROCEEDINGS AFFECTING BLOCKED PROPERTY UNDER SEAL**

Plaintiff CITGO Petroleum Corporation ("CITGO") respectfully submits this Motion for Leave to File Under Seal, and requests the Court enter an order allowing CITGO to file the Unopposed Emergency Motion to Stay Proceedings Affecting Blocked Property ("Emergency Motion") under seal.

**I.   Material to be Filed Under Seal**

CITGO respectfully requests that the Court seal its Emergency Motion. The Emergency Motion, which seeks the entry of an order restricting any activity with respect to the Stranded Goods at issue in the above-captioned lawsuit until the date OFAC authorizes their transfer, contains confidential and highly-sensitive information. That information includes, but is not limited to, a detailed description of the terms of the settlement agreement CITGO and Defendant Teknik Trading, LLC ("Teknik") intend to execute upon receiving approval from OFAC.

## II.     Legal Authority for Request

While courts have recognized the public's common law right to inspect and copy judicial records, this right is not absolute. *Nixon v. Warner Commn's, Inc.*, 435 U.S. 589, 597–98 (1978). District courts can seal documents if the interests favoring nondisclosure outweigh the presumption in favor of the public's right to access. *Fonda v. Retting*, 2022 WL 3703181, at *1 (S.D. Tex. Feb. 28, 2022) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)); *see also* Fed. R. Civ. P. 5.2(d).

Here, the interests favoring nondisclosure are particularly strong. The Emergency Motion includes a detailed description of the terms that will be included in the settlement agreement CITGO and Teknik intend to execute upon receiving approval from OFAC. In addition to the description of the terms within the Emergency Motion itself, attached to the Emergency Motion as Exhibit A is a copy of January 2024 e-mail correspondence between the Parties documenting the terms of the proposed settlement. Public policy favors voluntary settlements and district courts have held that "the public policy in promoting settlement outweighs the public's right of access," particularly where the settlement fails to implicate any matters of public concern. *Varsity Gay League LLC v. Nichols*, 2023 WL 5284842, at *1–2 (N.D. Tex.—Dallas Aug. 16, 2023).

For the reasons stated above, CITGO respectfully requests that the Court grant this Motion and permit CITGO to file the Emergency Motion under seal. A proposed order is attached.

- 3 -

Dated:  June 6, 2024

Respectfully submitted,

*/s/ Nicole M. Perry*

Nicole M. Perry
Attorney-In-Charge
S.D. Texas No. 725420
Texas Bar No. 24056367
Piper Sierra Replogle
S.D. Texas No. 3831644
Texas Bar No. 24131609
JONES DAY
717 Texas Avenue, Suite 3300
Houston, TX  77002.2712
nmperry@jonesday.com
preplogle@jonesday.com
Telephone:  +1.832.239.3939
Facsimile:  +1.832.239.3600

Allison L. McQueen, *Pro Hac Vice*
Illinois Bar No. 6330120
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL  60606
amcqueen@jonesday.com
Telephone:  +1.312.782.3939
Facsimile:  +1.312.782.8585

COUNSEL FOR CITGO PETROLEUM
CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2024, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and was thereby served upon all counsel of record.

*/s/ Nicole M. Perry*
Nicole M. Perry